UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Long Beach Mortgage Loan Trust 2006-8,**

    Plaintiff,

v.                                         Case No.  8:08-CV-1101-T-30MAP

**CLIFFORD L. HOLYFIELD AND PHYLLIS P. HOLYFIELD, and UNITED STATES DEPARTMENT OF AGRICULTURE (USDA) RURAL DEVELOPMENT,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon *pro se* litigant Clifford L. Holyfield's Motion for Reconsideration for Hearing (Dkt. 6) and Amended Motion for Reconsideration for Hearing (Dkt. 7).  After close consideration, this Court denies Holyfield's motion for the reasons stated below.

Holyfield challenges the Court's order dismissing this matter for lack of federal subject matter jurisdiction, see Dkt. 5. Because Holyfield filed his motion within ten days of entry of the judgment, the Court will treat Holyfield's motion as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). See Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994); Wendy's Int'l v. Nu-Cape Constr., 169 F.R.D. 680, 684 (M.D. Fla. 1996).

Under Rule 59(e), the Court has considerable discretion in deciding whether to grant motions for reconsideration. Sussman, 153 F.R.D. at 694 (citing American Homes Assur. Co. v. Glenn Estess & Assoc., Inc., 763 F.2d 1237, 1238-1239 (11th Cir. 1985); Mackin v. City of Boston, 969 F.2d 1273, 1279 (1st Cir. 1992)). However, because reconsideration of a previous order is viewed as an extraordinary remedy, the courts limit its application. Lamar Advertising of Mobile, Inc. v. City of Lakeland, Florida, 189 F.R.D. 480, 489 (M.D. Fla. 1999). Generally, a motion for reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Fla. College of Osteopathic Medicine, Inc., 12 F.Supp.2d 1306, 1308 (M.D. Fla. 1998) (citing Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla. 1993)).

Courts have recognized the need for reconsideration under the following three circumstances: (1) when a change in the controlling law has intervened; (2) when new evidence has become available; or (3) when the court needs to "correct clear error or prevent manifest injustice." Id. The Court is unwilling to "alter a prior decision absent a showing of clear and obvious error where 'the interests of justice demand correction'." Villaflores v. Royal Venture Cruise Line, Ltd., 1997 WL 728098, *1 (M.D. Fla.) (citations omitted).

Here, Holyfield does not allege that there has been a change in the controlling law or that new evidence has become available. Instead, Holyfield contends that the Court misread his *qui tam* filing to assert a cause of action against the Farmers' Home Administration and the United States Department of Agriculture when the cause of action was, Holyfield argues, actually filed to protect the government's interests. Holyfield has not shown that this Court

made a clear error resulting in manifest injustice in finding that he failed to allege any particular fraud upon the government or the presentation of a false claim for payment to the government, as required in order to invoke jurisdiction under the Federal False Claim Act, see 31 U.S.C. § 3730. Simply put, Holyfield has not demonstrated any basis for the Court to reconsider its order dismissing this matter for lack of federal subject matter jurisdiction.

It is therefore **ORDERED** and **ADJUDGED** that the Motion for Reconsideration for Hearing (Dkt. 6) and Amended Motion for Reconsideration for Hearing (Dkt. 7) are **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 20, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2008\08-cv-1101 Deny Reconsideration.frm